UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES,
INC., d/b/a JET I.C.U.

        Plaintiff,                      CASE NO.: 8:22-CV-00410-KKM-SPF

vs.

CIGNA HEALTH AND LIFE
INSURANCE COMPANY

        Defendants.
_____/

## AMENDED COMPLAINT

### STATEMENT OF THE CASE

1. This is an action for recovery of unpaid or underpaid health insurance benefits.

### JURISDICTION AND VENUE

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c) because this district is where the breach took place.

### PARTIES AND GENERAL ALLEGATIONS

4. At all times relevant hereto the Plaintiff, WORLDWIDE AIRCRAFT SERVICES INC. d/b/a/ JET I.C.U. (hereinafter "JET ICU"), was and continues to be a duly authorized provider, both domestically and internationally, of medical air transport services.

5. The patient, "M.D." was covered under a health insurance policy that included health insurance benefits payable to Plaintiff (hereinafter "THE POLICY").

6. At all times relevant hereto M.D. was an insured beneficiary of THE POLICY, and health insurance premiums required under THE POLICY had been fully paid or otherwise satisfied.

7. Defendant is in possession of THE POLICY and is aware of the terms of the POLICY.

8. At all times relevant hereto Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereinafter "CIGNA"), was the issuer of THE POLICY.

9. On or about November 10, 2019, M.D. suffered a life-threatening medical emergency while on a cruise and at port in Roatan, Honduras.

10. On or about November 19, 2019, JET ICU provided M.D. with emergency air medical transport services from Roatan, Honduras to Tampa, Florida.

11. M.D.'s medical benefits under THE POLICY, including air ambulance benefits, were assigned to JET ICU as M.D.'s beneficiary.

12. At all times relevant hereto THE POLICY provided for payment of health benefits and insurance, including air medical transport services, under the terms of THE POLICY.

13. CIGNA made the final decision to reduce or deny benefits under THE POLICY.

14. Plaintiff and M.D. has filed, or caused to be filed, proofs of claim and performed all other conditions precedent to recovering benefits under THE POLICY for the loss or losses herein claimed and has performed or exhausted all appropriate conditions precedent prior to filing this action or further pre-suit remedies would be futile.

15. Defendant, CIGNA, failed and refused to pay Plaintiff sums due pursuant to the terms of THE POLICY.

16. Plaintiff has incurred costs and attorney fees and is entitled to recovery thereof from Defendant pursuant to Florida Statutes § 627.428 because the breach occurred in the State of Florida. In addition, and/or in the alternative, Plaintiff is entitled to recover costs and attorney fees pursuant to Virginia Code § 38.2-209 because the contract was delivered to the patient in Virginia.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for health insurance benefits due under THE POLICY, together with costs of litigation and attorney's fees pursuant to Florida Statute § 627.428 and/or Virginia Code § 38.2-209 and pre-judgment interest, and further requests a trial by jury of all issues to triable.

Dated this 21st day of April 2022.

s/Paul S. Kimsey
PAUL S. KIMSEY
Bar No.: 988472
Attorney for Plaintiff
KIMSEY LAW FIRM, P.A.
4012 Gunn Hwy., Suite 140
Tampa, FL 33618
Telephone: (813) 549-1001
Fax: (813) 265-1752
E-mail: pkimsey@kimseylaw.com
